**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MAOQUAN LIN, | ) | CASE NO. 4:26-cv-384 |
| | ) | |
| Petitioner, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| SHERIFF JERRY GREENE, *et al.*, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Respondents. | ) | |
| | ) | |

Before the Court is Petitioner Maoquan Lin's application for a writ of habeas corpus under 28 U.S.C. § 2241 ("Petition"), naming as respondents Jerry Greene, Sheriff and Warden of the Mahoning County Jail, and Kevin Raycraft, Field Office Director of Enforcement and Removal Operations, Detroit Field Office, Immigration and Customs Enforcement.  (ECF No. 1).  Also before the Court is Respondent Greene's motion to dismiss himself as an improper respondent ("Motion to Dismiss").  (ECF No. 7).  For the reasons below, the Motion to Dismiss is **GRANTED**, Respondent Greene is **DISMISSED** as a respondent, and the Petition is **GRANTED**.

## I.    BACKGROUND

Petitioner, a citizen of China, entered the United States at or near Tecate, California on or about February 25, 2026.  (ECF No. 4-1, PageID #57).  On February 26, 2024, Petitioner was issued a notice of removal and charged as removable based on having entered the United States without admission or inspection pursuant to Section 212(a)(6)(A)(i) of the Immigration and Nationality Act.  (*Id.*).

On February 10, 2026, Petitioner was detained by ICE and held at the Mahoning County Jail in Youngstown, Ohio.  (ECF No. 4-2; ECF No. 1-2, PageID #26).  On February 19, 2026,

Petitioner filed a motion for bond redetermination. (ECF No. 4-3). On February 26, 2026, a master calendar hearing was held before the U.S. Immigration Court in Youngstown, Ohio. (ECF No. 4-4; ECF No. 10-1). The Immigration Judge denied Petitioner's request for a custody redetermination pursuant to 8 C.F.R. § 1236 after finding that the immigration court lacked authority to redetermine bond in this case. (ECF No. 10-1).

On February 16, 2026, Petitioner filed the instant Petition, challenging the lawfulness of his current detention without a bond hearing. (ECF No. 1). On February 26, 2026, Respondent Raycraft filed a response to the Petition, arguing it should be denied because: (i) the Court lacks jurisdiction over the Petition; (ii) Petitioner failed to exhaust administrative remedies; (iii) Petitioner is properly detained under 8 U.S.C. § 1225(b); and (iv) Petitioner's detention comports with due process protections. (ECF No. 4). On March 5, 2026, Respondent Greene filed a motion to dismiss for failure to state a claim, arguing that he was an improper respondent under Sixth Circuit precedent. (ECF No. 6). Petitioner filed his reply/traverse on March 11, 2026. (ECF No. 7).

## II.     MOTION TO DISMISS

Respondent Greene moves the Court to dismiss him from this action because the "INS District Director" is the sole proper respondent in an alien habeas corpus petition under Sixth Circuit precedent. (ECF No. 6-1, PageID #81–82). Petitioner's reply/traverse does not address this issue or offer any opposition to Respondent Greene's motion to dismiss. Nor has Petitioner submitted any other filing addressing the issue. Thus, Petitioner has waived any opposition to dismissal of Respondent Greene as an improper respondent. Although Petitioner does not oppose the motion to dismiss, it not clear if the Court could grant the motion solely on this basis. Some cases support such a disposition. *See, e.g.*, *Scott v. Tennessee*, 878 F.2d 382, 1989 U.S. App.

2

LEXIS 9653, at *4–6 (6th Cir. 1989) (unpublished table decision) (affirming a district court's grant of an unopposed motion to dismiss after noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"); *Humphrey v. United States AG Off.*, 279 F. App'x 328, 331 (6th Cir. 2008) ("[W]here, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived."); *Santo's Italian Café LLC v. Acuity Ins. Co.*, 508 F. Supp. 3d 186, 207 (N.D. Ohio 2020) ("It is well understood . . . that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."). Out of an abundance of caution, the Court will review the merits of Respondent Greene's argument.

Pursuant to 28 U.S.C. § 2243, a writ of habeas corpus "shall be directed to the person having custody of the person detained." When an alien petitioner is detained at a local detention facility and is facing removal proceedings, the Sixth Circuit has held that the INS District Director for the district where the detention facility is located is the proper respondent. *Roman v. Ashcroft*, 340 F.3d 314, 320 (6th Cir. 2003). The Sixth Circuit noted that "[h]istorically, the question of who is 'the custodian,' and therefore the appropriate respondent in a habeas suit, depends primarily on who has power over the petitioner and . . . on the convenience of the parties and the court." *Id.* at 319 (quoting *Henderson v. INS*, 157 F.3d 106, 122 (2d Cir. 1998), *cert. denied*, 526 U.S. 1004, 143 L. Ed. 2d 209, 119 S. Ct. 1141 (1999)). The Sixth Circuit reasoned that the INS District Director was the proper respondent because "although the warden of each detention facility technically has day-to-day control over alien detainees, the INS District Director for the district where a detention facility is located 'has power over'' alien habeas corpus petitioners." *Id.* at 320.

Given the lack of opposition, and the weight of relevant Sixth Circuit authority,[1] the Court finds that Kevin Raycraft, Field Office Director of Enforcement and Removal Operations, Detroit Field Office, Immigration and Customs Enforcement is the proper respondent in this action. Accordingly, the Court **GRANTS** Respondent Greene's motion to dismiss (ECF No. 6) and **DISMISSES** him as a respondent.

### III.    HABEAS PETITION

Petitioner moves the Court to order his release asserting that his detention without having been provided a bond hearing is unconstitutional.  (ECF No. 1).  In a recent opinion, *Lopez-Campos v. Raycraft*, the Sixth Circuit found that an "'applicant for admission' is not necessarily 'seeking admission.'"  175 F.4th 713, 732 (6th Cir. 2026).  The Sixth Circuit held that the district courts in the combined appeal did not err in finding the petitioners' detentions under § 1225(b)(2)(A) to be unlawful, explaining:

> Because no Petitioner is alleged to be seeking admission or lawful entry into the United States, § 1225(b)(2)(A)'s mandatory detention scheme does not apply to them.  And since "§ 1226 applies to aliens already present in the United States" and "creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings," Petitioners could have been detained pursuant to only § 1226.  *See Jennings*, 583 U.S. at 303.

*Id.*

Petitioner filed a Notice of Supplementary Authority citing the *Lopez-Campos* decision and arguing it supports his position.  (ECF No. 12).  In response, Respondent Raycraft concedes

---

[1] Although some courts have questioned whether *Roman* was overruled by the Supreme Court's later decision in *Rumsfeld v. Padilla*, 542 U.S. 426, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004), courts within the Northern District of Ohio have uniformly applied the rule set forth in *Roman*.  *See, e.g.*, *Alberto-Alvarenga v. Aumille*, No. 3:25-cv-02644, 2026 LX 157615, at *14–15 (N.D. Ohio Mar. 4, 2026); *Cuyun v. Raycraft*, No. 3:25-cv-02785, 2026 LX 16509, at *2–4 (N.D. Ohio Feb. 10, 2026); *Mendoza v. Raycraft*, No. 4:25-cv-2183, 2025 LX 522378, at *19–20 (N.D. Ohio Nov. 12, 2025); *see also Kadagan v. Raycraft*, No. 25-13602, 2025 LX 506060, at *6–7 (E.D. Mich. Nov. 24, 2025) ("Courts in this district and circuit have therefore found that specifically for habeas proceedings with petitioners facing deportation, *Roman's* rule still applies, because application of that rule was explicitly left open by *Padilla*.") (collecting cases).

that *Lopez-Campos* controls and, pursuant to that decision, states: "Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to a bond hearing under the Fifth Amendment.  The Court need not proceed to evaluate any other claims raised in the Petition."  (ECF No. 13, PageID #149–50).  Consistent with the relief affirmed in *Lopez-Campos*, Respondent Raycroft states that the Court should either order: (i) an immigration judge to conduct a bond hearing under § 1226(a); or (ii) Respondent Raycroft to immediately release Petitioner.  (*Id.* at PageID #150).

In light of Respondent Raycroft's concessions, and because the Petition specifically requests release from custody and not a bond hearing, (ECF No. 1, PageID #20), the Court will grant the Petition and order the immediate release of Petitioner.  Although Petitioner also requests an award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), (*id.*), such a request is premature.  *See* 28 U.S.C. § 2412(d)(1)(B); *Scarborough v. Principi*, 541 U.S. 401, 408, 124 S. Ct. 1856, 158 L. Ed. 2d 674 (2004) ("[Section] 2412(d)(1)(B) sets a deadline of 30 days after final judgment for the filing of a fee application.").[2]

## IV.    CONCLUSION

For the foregoing reasons, Respondent Greene's Motion to Dismiss (ECF No. 6) is **GRANTED** and he is **DISMISSED** as a respondent.  The Petition (ECF No 1) is **GRANTED**.  Respondent Raycraft is **ORDERED** to immediately release Petitioner from custody.

    **IT IS SO ORDERED.**

Date: June 8, 2026

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**

---

[2] "Under the EAJA, a 'final judgment' is a judgment that is final and not appealable; here, that time occurs sixty days after the judgment, as that is the deadline for appeal." *Bayona v. Ladwig*, No. 2:26-cv-02212, 2026 LX 197175, at *1 n.1 (W.D. Tenn. Mar. 9, 2026) (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 96, 111 S. Ct. 2157, 115 L. Ed. 2d 78 (1991)).